# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

_____

| | |
|---|---|
| BARBARA LOVRETA, | ) |
|     Plaintiff, | ) |
| v. | )     No. 2:19-cv-02469-JTF-jay |
| DELTA GLOBAL SERVICES, | ) |
|     Defendant. | ) |

_____

## ORDER ADOPTING MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION AND PARTIALLY DISMISSING CASE

_____

Before the Court is Plaintiff Barbara Lovreta's *pro se* Complaint against Defendant Delta Global Services ("Defendant") filed on July 22, 2019. (ECF No. 1.) Plaintiff also filed a Motion seeking leave to proceed *in forma pauperis* (ECF No. 2.), which was granted on August 13, 2019. (ECF No. 7.) Plaintiff asserts that Defendant discriminated against and retaliated against her in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("the ADEA"), and the Americans with Disabilities Act of 1990 ("the ADA"). The Magistrate Judge, upon screening Plaintiff's complaint, entered a Report and Recommendation on November 5, 2019 to **PARTIALLY DISMISS** all of Plaintiff's claims, except Plaintiff's failure to accommodate claim under the ADA. (ECF No. 9.) No objections were filed by Plaintiff. For the reasons below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation to **PARTIALLY DISMISS** Plaintiff's Complaint.

## FACTUAL HISTORY

In the Report and Recommendation, the Magistrate Judge provides, and this Court adopts and incorporates, proposed findings of fact in this case. (ECF No. 9, 2–3.)

## LEGAL STANDARD

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Upon hearing a pending matter, "the magistrate judge must enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The district court reviews a magistrate judge's proposed findings and recommendation. The standard of review that is applied depends on the nature of the matter considered by the magistrate judge. *See Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003) (citations omitted) ("A district court normally applies a 'clearly erroneous or contrary to law' standard of review for nondispositive preliminary measures. A district court must review dispositive motions under the *de novo* standard."). Upon review of the evidence, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Board of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive further evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn.

Mar. 11, 2015). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b) advisory committee notes.

28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1, service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2)(B). LR 4.1(b). Specifically, courts are required to screen *in forma pauperis* complaints and dismiss any complaint, or portion thereof, if the allegation of poverty is untrue or if the action (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Standard of Review for Failure to State a Claim

In assessing whether Plaintiff's Complaint states a claim upon which relief may be granted, the standards under Rule 12(b)(6) of the Federal Rules of Civil Procedure, as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007), are applied. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (alteration in original) (quoting *Iqbal*, 556 U.S. at 681). Additionally, although not free from basic pleading requirements, *pro se* pleadings are "held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Curtin*,

631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, and the Court cannot create a claim that has not been spelled out in a pleading. *Falkner v. United States*, No. 11-2982-STA-cgc, 2012 U.S. Dist. LEXIS 93372, at *16 (W.D. Tenn. July 6, 2012).

## **ANALYSIS**

Plaintiff asserts that Defendant discriminated against and retaliated against her in violation of: Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act ("the ADEA"), and the Americans with Disabilities Act of 1990 ("the ADA"). At this stage in the proceeding, the analysis turns upon whether the plaintiff has provided sufficient factual content for the Court to be able to reasonably infer the alleged illegal discrimination occurred. *Keys v. Humana, Inc.*, 684 F.3d 605, 609–10 (6th Cir. 2012). Plaintiff is not required to allege the *prima facie* elements of employment discrimination claims under the burden shifting standard set forth in *McDonnel Douglas v. Green*, 411 U.S. 792 (1973). *Id.*

Title VII

As found by the Magistrate Judge, Plaintiff's Complaint fails to state a claim for Title VII discrimination because Plaintiff fails to provide facts sufficient for the Magistrate Judge to reasonably infer that Plaintiff experienced both religious and racial discrimination and because Plaintiff fails to allege any facts demonstrating that she was retaliated against for opposing such discrimination and/or participating in an investigation into such discrimination. To state a claim for discrimination under Title VII, a plaintiff must allege "sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference'" that an employer discriminated against the plaintiff with respect to her compensation, terms, conditions, or privileges of employment because of her race, religion, color, sex, or national

4

origin. *Keys*, 684 F.3d at 610 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)). Here, Plaintiff checked the boxes for racial and religious discrimination on her *pro se* Complaint. (ECF No. 1, 4.) However, Plaintiff included no facts to support a claim of racial discrimination. As for religious discrimination, the only fact Plaintiff includes is that she had to work on Sundays, which was against her disability doctor's note stating that she "should not work on Sundays for church reasons." (*Id.*) Plaintiff also included no facts to suggest she was retaliated against for opposing such discrimination and/or participating in an investigation into such discrimination. Accordingly, the Court adopts the Magistrate Judge's recommendation of dismissal of Plaintiff's Title VII claim for failure to state a claim upon which relief may be granted.

The ADEA

The Magistrate Judge found that Plaintiff's Complaint fails to state a claim for discrimination based on age pursuant to the ADEA. The ADEA prohibits an employer from "fail[ing] or refus[ing] to hire or to discharge any individual or otherwise discriminate against any individual with respect to the compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). Here, Plaintiff alleges that she is sixty-six (66) years old. (ECF No. 1, 7.) However, Plaintiff has not alleged any facts demonstrating that she was subjected to any adverse employment action because of her age, her opposition to age discrimination, or her participation in an investigation concerning age discrimination. Accordingly, the Court adopts the Magistrate Judge's recommendation of dismissal of Plaintiff's age discrimination claim under the ADEA for failure to state a claim upon which relief may be granted.

The ADA

Regarding Plaintiff's claim that she was discriminated against due to a disability in violation of the ADA, the Magistrate Judge recommended that Plaintiff fails to state a claim under the ADA for retaliation but has stated a claim for discrimination under the ADA. The ADA prohibits an employer from retaliating against an employee who has "opposed any act or practice made unlawful by [the ADA] because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [the ADA]." 28 U.S.C. § 12203(a). Here, Plaintiff does not allege any facts from which the Court could infer that she opposed discrimination on the basis of her disability or participated in an investigation into such discrimination. Dismissal for failure to state a claim is appropriate for Plaintiff's ADA retaliation claim.

The ADA also prohibits private employers, like Defendant, from discriminating against "a qualified individual on the basis of disability in regards to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 28 U.S.C. § 12112(a). Included in the ADA's definition of "discrimination" is "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability." 28 U.S.C. § 12112(b)(5)(A); *see also Kleiber v. Honda of Am. Mfg.*, 485 F.3d 862, 868 (6th Cir. 2007). Here, the Magistrate Judge recommended that Plaintiff was qualified for her position based on Plaintiff's continued employment with Defendant. (ECF No. 9, 8.) The Court accepts the Magistrate Judge's recommendation that Plaintiff was and is qualified for her position with Defendant. The Magistrate Judge also recommended the conclusion that Plaintiff sought an accommodation and her request was denied. (ECF No. 9, 8.) Plaintiff states that her disability doctor wrote a note

explaining that Plaintiff could not work late because she had medication that had to be taken at night. The Court agrees with the Magistrate Judge that this sufficiently shows that Plaintiff requested an accommodation of a different work schedule. *See Kleiber*, 485 F.3d at 868 (stating that one of the listed reasonable accommodations in the ADA includes modified work schedules). Lastly, the Magistrate Judge recommended that Plaintiff alleged sufficient facts to establish a disability. (ECF No. 9, 10.) The ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, 3554 ("the ADAAA") provides that the definition of "disability" should be "construed in favor of broad coverage of individuals under this Act." 28 U.S.C. § 12102(4)(A). Even with this broad construction of the term "disability," "not every physical and mental impairment is considered a disability under the ADA." *Roan v. United Parcel Service*, No. 3:17-cv-01178, 2019 WL 2171488, at *3 (M.D. Tenn. May 20, 2019). Plaintiff alleges that because her manager refused to change her schedule to allow her to take her nightly medication, her disability essentially flared up, causing her to become very ill and suffer from "bouts of never sleeping," heart palpitations, and other "mind [and] body disorders." (ECF No. 1, 4.) Plaintiff states she had to take off five (5) months from work in order to restore her heart, brain, memory, and other functions. (*Id.*) Plaintiff also saw a heart specialist and had "many talks with my mental doctor." (*Id.* at 7.) While the Magistrate Judge correctly recognized that not all impairments are disabilities within the meaning of the ADA, the Magistrate Judge opined that Plaintiff "has alleged sufficient facts to infer that her medical condition/disability substantially limited one or more of her major life activities and thus qualified as a disability under the ADA." (ECF No. 9, 10.) The Court accepts that recommendation and finds that dismissal is not appropriate for Plaintiff's failure to accommodate claim under the ADA.

## **CONCLUSION**

Upon a *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation to **DISMISS** all of Plaintiff's claims, except Plaintiff's failure to accommodate claim under the ADA.

**IT IS SO ORDERED** this 8th day of January 2020.

*s/John T. Fowlkes, Jr*.
JOHN T. FOWLKES, JR.
United States District Judge
