IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BARBARA LOVRETA,           )  | |
|                            )  | |
|    Plaintiff,       )  | |
|                            )  | |
| v.                         )  | Case No. 2:19-cv-02469-JTF-jay |
|                            )  | |
| DELTA GLOBAL SERVICES,     )  | |
|                            )  | |
|    Defendant.       )  | |

ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING
PLAINTIFF'S COMPLAINT WITHOUT PREJUDICE

Before the Court is the Magistrate Judge's Report and Recommendation to dismiss this case without prejudice. (ECF No. 16.) Neither party has filed objections to the Report and Recommendation. As explained below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation. Plaintiff's Complaint is **DISMISSED** without prejudice.

FINDINGS OF FACT

Plaintiff filed her *pro se* Complaint in this matter on July 22, 2019, asserting claims under Title VII, the Age Discrimination in Employment Act ("ADEA"), and Americans with Disabilities Act ("ADA"). (ECF No. 1.) On the same day, Plaintiff filed her Motion for Leave to Proceed *In Forma Pauperis*. (ECF No. 2.) Magistrate Judge Jon A. York granted Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* on August 13, 2019. (ECF No. 7.) On November 5, 2019, the Magistrate Judge issued a Report and Recommendation screening Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). (ECF No. 9.) Therein, the Magistrate Judge recommended dismissal of all of Plaintiff's claims with the exception of Plaintiff's failure to accommodate claim under the ADA. (*Id.*) On January 8, 2020, this Court entered an Order Adopting Magistrate Judge's Report

1

and Recommendation and Partially Dismissing Case. (ECF No. 11.) Pursuant to that Order, all of Plaintiff's claims were dismissed except for Plaintiff's failure to accommodate claim under the ADA.

On December 1, 2020, the Magistrate Judge entered an Order Directing Clerk to Issue Summons. (ECF No. 12.) Pursuant to Federal Rule of Civil Procedure 4(c)(3), a United States Marshal served Defendant via certified mail on December 16, 2020. (ECF No. 14.) To date, Defendant has not responded to Plaintiff's Complaint or defended against it. On February 22, 2021, the Magistrate Judge entered an Order to Show Cause, ordering Plaintiff to explain why this case should not be dismissed given Plaintiff's failure to prosecute this matter or seek an entry of default against Defendant. (ECF No. 15.) The Order to Show Cause gave Plaintiff until March 19, 2021 to comply with the Order. (*Id.* at 2.) Plaintiff did not respond to the Order to Show Cause. On March 26, 2021, the Magistrate Judge issued a second Report and Recommendation, recommending that this case be dismissed without prejudice due to Plaintiff's failure to respond to the show cause order. (ECF No. 16.) Plaintiff failed to file objections to the second Report and Recommendation, and the time for doing so has passed. *See* LR 72.1(g)(2).

## **LEGAL STANDARD**

Congress passed 28 U.S.C. § 636(b) "to relieve some of the burden on the federal courts by permitting the assignment of certain district court duties to magistrates." *United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001). Pursuant to the provision, magistrate judges may hear and determine any pretrial matter pending before the Court, except various dispositive motions. 28 U.S.C. § 636(b)(1)(A). Regarding those excepted dispositive motions, magistrate judges may still hear and submit to the district court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1)(B). Upon hearing a pending matter, "the magistrate judge must

enter a recommended disposition, including, if appropriate, proposed findings of fact." Fed. R. Civ. P. 72(b)(1); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). Any party who disagrees with a magistrate's proposed findings and recommendation may file written objections to the report and recommendation. Fed. R. Civ. P. 72(b)(2).

The standard of review that is applied by the district court depends on the nature of the matter considered by the magistrate judge. *See Baker*, 67 F. App'x at 310 (citations omitted.) Upon review, the district court may accept, reject, or modify the proposed findings or recommendations of the magistrate judge. *Brown v. Bd. of Educ.*, 47 F. Supp. 3d 665, 674 (W.D. Tenn. 2014); *see also* 28 U.S.C. § 636(b)(1). The court "may also receive evidence or recommit the matter to the [m]agistrate [j]udge with instructions." *Moses v. Gardner*, No. 2:14-cv-2706-SHL-dkv, 2015 U.S. Dist. LEXIS 29701, at *3 (W.D. Tenn. Mar. 11, 2015).

Usually, the district court must review dispositive motions under the *de novo* standard. However, a district court is not required to review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). A district judge should adopt the findings and rulings of the magistrate judge to which no specific objection is filed. *Brown*, 47 F. Supp. 3d at 674.

## **ANALYSIS**

The Court has reviewed the docket in this case and—while not obligated to do so—has conducted a *de novo* review of the Magistrate Judge's Report and Recommendation. "It is well settled that a district court has the authority to dismiss sua sponte a lawsuit for failure to prosecute." *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013) (citations omitted). In the Sixth Circuit, four factors are considered in assessing whether dismissal of a case is appropriate in light of a failure to comply with a court order:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Id.* at 704 (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). "Although no one factor is dispositive, dismissal is proper if the record demonstrates delay or contumacious conduct." *Mager v. Wis. Cent., Ltd.*, 924 F.3d 831, 837 (6th Cir. 2019) (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002)).

Analyzing this case under the above factors, it appears to the Court that Plaintiff has exhibited bad faith by failing to advance this case and comply with the Magistrate Judge's Order to Show Cause. Moreover, a significant amount of time has passed without any action or compliance by Plaintiff. In fact, Plaintiff's deadline to respond to the Order to Show Cause was five months ago. While it is not clear that Defendant has been prejudiced by Plaintiff's conduct, it is obvious that Plaintiff has been warned that failure to comply with the Order to Show Cause could result in dismissal. The Order to Show Cause provided: "Plaintiff is hereby warned that failure to timely comply with this order may result in the dismissal of this case." (ECF No. 15, 2.) While less drastic sanctions have not previously been imposed in this case, the Court elects now to dismiss this case without prejudice rather than with prejudice. *See Carpenter*, 723 F.3d at 709 (alteration in original) ("Alternative sanctions may include 'levying a fine, barring [counsel] from participating in oral argument, or any other disciplinary action,' even dismissal without prejudice." (quoting *Mulbah*, 261 F.3d at 593)). Overall, these factors weigh in favor of dismissal. Accordingly, the Court believes that dismissal is the most appropriate outcome given the absence of Plaintiff's response to the show cause order or objections to the Report and Recommendation. *Cf. Bartley v. Jenny Stewart Med. Ctr.*, No. 5:19-cv-00005-TBR, 2021 U.S. Dist. LEXIS 11210,

4

at *5–6 (W.D. Ky. Jan. 21, 2021) (dismissing a *pro se* plaintiff's case for failure to prosecute and failure to comply with a court order). The Court **ADOPTS** the Magistrate Judge's Report and Recommendation. The remaining claim in Plaintiff's Complaint—failure to accommodate under the ADA—is **DISMISSED** without prejudice.

## CONCLUSION

Upon *de novo* review, the Court hereby **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16). Plaintiff's Complaint is **DISMISSED** without prejudice.

**IT IS SO ORDERED** this 23rd day of August, 2021.

                                           *s/John T. Fowlkes, Jr*.
                                           JOHN T. FOWLKES, JR.
                                           UNITED STATES DISTRICT JUDGE